# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SEAN RAY SMITH, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 08-290-RAW-KEW ) |
| MARTY SIRMONS, Warden, | ) ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma, attacks his conviction in Pontotoc County District Court Case No. CF-2006-222 for Lewd Molestation, After Former Conviction of Two or More Felonies. He raises the following grounds for relief:

I. The trial judge and the prosecutor violated petitioner's right to due process and the presumption of innocence by referring to the complaining witness as "the victim."

II. Erroneous jury instructions and improper use of prior convictions resulted in a fundamentally unfair sentencing proceeding.

A. The jury was given the wrong instruction on the 85% Rule.

B. The State was allowed to introduce unredacted Judgments and Sentences showing petitioner's sentences for his prior convictions and that some of his sentences were suspended. In addition, the State alleged and sought to prove five felony convictions, when only two prior felony convictions were required for sentence enhancement.

III. Petitioner's 100-year sentence was excessive under the facts of the case.

    A.     The sentence is shocking.

    B.     The court should adopt proportionality.

The respondent concedes that petitioner has exhausted his state court remedies for the purpose of federal habeas corpus review and has submitted the following records to the court for consideration in this matter:

    A.     Petitioner's direct appeal brief.

    B.     The State's brief in petitioner's direct appeal.

    C.     Summary Opinion affirming petitioner's judgment and sentence. *Smith v. State*, No. F-2007-543 (Okla. Crim. App. May 22, 2008).

    D.     Transcript of petitioner's jury trial.

    E.     Original Record in Pontotoc County District Court Case No. CF-2006-222.

**Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act, federal habeas corpus relief is proper only when the state court adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

**Facts**

The Oklahoma Court of Criminal Appeals briefly summarized the facts of the case as

follows: "he drugged his teenage daughter, was found lying naked partially atop her in a secluded area, was rubbing her back, and had given her two hickeys." *Smith v. State*, No. F-2007-543, slip op. at 4 (Okla. Crim. App. May 23, 2008). The state court's factual findings are presumed correct unless the applicant produces clear and convincing evidence to rebut the presumption. 28 U.S.C. § 2254(e)(1).

**Ground I: Presumption of Innocence**

Petitioner alleges in Ground I that the trial judge and the prosecutor violated his right to due process and the presumption of innocence by referring to the complaining witness as "the victim." The Oklahoma Court of Criminal Appeals (OCCA) denied relief on this claim on direct appeal: "Without determining whether referring to the complaining witness as 'the victim' is error, we find [petitioner] was not prejudiced by the brief references to 'the victim' in voir dire." *Smith*, No. F-2007-543, slip op. at 1-2.

The record shows that during voir dire, the trial court twice referred to the complaining witness as "the victim," when the judge asked whether anyone in the jury pool knew her or her family. (Tr. 12-13). After the second incident, defense counsel asked to approach the bench and stated he thought the phrase "alleged victim" was more appropriate. (Tr. 13-14). Defense counsel also said he was unsure whether an admonishment was necessary. (Tr. 14). The trial court agreed, stating, "Okay. Thank you." (Tr. 14). Further into the voir dire process, the prosecutor also used the term "victims" in reference to the complaining witness and her family, when a potential juror was asked if she could be fair. (Tr.189). Defense counsel made no objection to the prosecutor's reference.

It is settled law that "[t]he presumption of innocence . . . remains with the accused throughout every stage of the trial, including, most importantly, the jury's deliberations, and

3

... is extinguished only upon the *jury's* determination that guilt has been established beyond a reasonable doubt." *Mahorney v. Wallman*, 917 F.2d 469, 472 n.2 (10th Cir. 1990) (emphasis in original). In *Mahorney* the prosecutor made misstatements concerning the presumption of innocence during voir dire and in his closing arguments, and his closing argument comments conveyed to the jury that the presumption of innocence had been eliminated before their deliberations. *Id.* at 471. While the comments in petitioner's case were improper, the court finds that under the circumstances of the trial, the comments did not so undermine the presumption of innocence "that the constitutional protection ordinarily afforded thereunder was effectively denied." *Id.* at 473. Furthermore, the jury was instructed on the presumption of innocence and the State's burden of proof. (O.R. 32). The court, therefore, finds the determination of this issue by the OCCA was consistent with federal law, *see* 28 U.S.C. § 2254(d), and this claim for habeas relief is meritless.

**Grounds II and III: Jury Instructions, Prior Convictions, and Excessive Sentence**

Petitioner alleges in Grounds II and III that he received an excessive sentence, because the jury was given the wrong instruction regarding the 85% Rule, and unredacted Judgment and Sentences of his prior convictions were introduced. He also complains that the State alleged and sought to prove five felony convictions, when only two prior felony convictions were required for sentence enhancement. Finally, he asserts his 100-year sentence was excessive.

On direct appeal of these claims, the OCCA found that the jury was given an incorrect instruction and modified petitioner's 100-year sentence to 45 years. *Smith*, No. F-2007-543 slip op. at 1-4. Because petitioner's sentence was modified, the OCCA found his claim of an excessive sentence was moot. *Id.* at 2. He now is reasserting these claims in an attempt

4

to obtain additional relief. The respondent argues that because the OCCA granted relief on these issues, the habeas claims now are moot.

Petitioner alleges in his reply that the OCCA arbitrarily and capriciously modified his sentence from 100 years to 45 years, when the sentence could have been reduced to 20 years. He is asking this court for additional relief in the form of further modification of his sentence. As the court set forth in its previous order, the issue of whether the OCCA's sentence modification was arbitrary and capricious was unexhausted, because it could not have been presented on direct appeal, and the claim also was meritless [Docket No. 11 at 3]. Petitioner subsequently dismissed the claim of an arbitrary and capricious sentence modification [Docket No. 12], so it will not be considered here.

The issue of mootness arises from the basic rule that in federal cases an actual controversy must exist at all stages of review. *Johnson v. Riveland*, 855 F.2d 1477, 1480 (10th Cir. 1988). "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Hain v. Mullin*, 327 F.3d 1177, 1180 (10th Cir. 2003). The OCCA considered the claims in Ground II of this petition and recognized the jury instructions were incorrect and granted relief by reducing the sentence to 45 years. *Smith*, No. F-2007-543, slip op. at 2-4. Because petitioner's 100-year sentence was reduced on direct appeal, the court finds Grounds II and III of this petition are moot.

**ACCORDINGLY,** the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given fourteen (14) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the

Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this 29th day of June 2011.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE